[Civ. No. 21725. Second Dist., Div. One. Nov. 26, 1956.]

MARGARET MARY RODGERS, Respondent, v. JOHN C. RODGERS, Appellant.

Don Lake for Appellant.

Harold F. Pettee, Jr., and Earle W. Favor for Respondent.

DORAN, J.—On September 1, 1953, an interlocutory judgment of divorce was entered which ordered the defendant to pay to plaintiff $150 per month for the support of the two minor children. Plaintiff was given the custody of the two minor children. Plaintiff was given the custody of the children "subject to the right of defendant to reasonably visit said children . . . defined as the right to visit the minor children either at their home or to take them away from said home from the hour of 12:00 noon until 7:00 P. M. on each and every Sunday."

The respondent wife secretly removed the minor children from California to Florida about October 1, 1955, and, as stated in the appellant's brief, "On September 27, 1955, Respondent substituted herself as her attorney in propria persona." On October 6, 1955, the appellant husband secured an order to show cause *in re* modification of the support order which, by court order, was served on the wife's previous attorney of record by mail. At the hearing on October 14, 1955, the respondent wife did not appear but the wife's former

attorney, Harold F. Pettee, Jr., was present. The court having found that the wife had taken the children out of the State of California, and thereby denied the right of visitation to the appellant, suspended the order for support "until further order of Court."

Thereafter, and on November 18, 1955, the trial court granted plaintiff's motion for an order vacating the order of October 14, 1955, and restored to the calendar "the hearing on the modification re children's support." It is from this order that the defendant appeals.

The respondent wife, by affidavit, claimed that the trip to Florida was made "In order to increase her earnings in order to better support herself and her two minor children," and avers that the previous suspension of the support order "works a great and grievous injustice to the two minor children."

It is the appellant's contention that the order vacating the previous order suspending the support provisions of the judgment should be reversed for the reason that this was not a case falling within the provisions of section 473 of the Code of Civil Procedure, authorizing a court to relieve a party from an order "taken against him through his mistake, inadvertence, surprise or excusable neglect." Apropos this matter, appellant contends that the plaintiff's substitution of "herself as attorney of record . . . a few days prior to leaving the State of California . . . was an attempt (unsuccessful) to deprive defendant of an opportunity of serving her with process or of notices of motions."

Careful consideration of the record and of the showing made on this appeal leads to the conclusion that the action of the trial court in vacating the previous order suspending the support provisions, must be sustained. The support order was originally made for the benefit of the minor children, and to penalize such children for some act of the mother can hardly be considered equitable. Moreover, on the showing made in the affidavits, indicating a plausible reason for plaintiff's trip to Florida, and that at the time of the order suspending the support payments, plaintiff had no actual notice of the hearing, and was not present nor represented by an authorized attorney, the trial court's action in vacating such order and restoring the matter to the calendar cannot be deemed reversible error.

The order appealed from is affirmed.

White, P. J., and Fourt, J., concurred.